IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| CHARLES LANGFORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 605-073 |
| GLENN RICH, Warden, et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's ("MJ") Report and Recommendation to which objections have been filed. In the instant case, Plaintiff avers that, while he was incarcerated at Rogers State Prison ("Rogers") in Reidsville, Georgia,[1] he was brutally beaten on August 16, 2003, November 18, 2003, and May 9, 2004. The MJ recommended that Defendants be granted summary judgment and that this case be dismissed without prejudice due to Plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Doc. no. 33.

In his objections, Plaintiff contends that the threat of violent retribution at Rogers rendered administrative remedies "practically unavailable." Doc. no. 35, p. 2. In short, Plaintiff avers that he was too afraid to file a grievance. In reaching a contrary conclusion, the MJ relied upon: 1) Defendants' evidence that an administrative grievance process is

---

[1] Plaintiff is now incarcerated at Coffee Correctional Facility in Nicholls, Georgia.

generally available to inmates at Rogers, 2) Defendants' averment that Plaintiff was transferred to a new prison on November 5, 2004, 3) the fact that Plaintiff filed three grievances at Rogers between October 2003 and August 2004, including two grievances complaining of incidents of abuse at the hands of Defendant Langston that are unrelated to the instant suit,[2] and 4) the fact that other inmates at Rogers who have recently brought excessive force claims against Defendants did exhaust administrative remedies before filing suit. Doc. no. 33, pp. 2-3, 8-9. Based on this evidence, the MJ disbelieved Plaintiff's claim that he was too afraid to file a grievance, and noted that fear of retaliation at Rogers could not explain Plaintiff's failure to file an out-of-time grievance after his transfer.

In support of his objections, Plaintiff relies upon several affidavits in which he provides details regarding the alleged beatings, and provides that Defendants Langston and Rich told him that he would be beaten again if he filed a grievance. Pl.'s Exs. A-D. Plaintiff also admits filing grievances concerning incidents of abuse not alleged in the captioned complaint. Pl.'s Ex. A, p. 3. Perhaps noteworthy, Plaintiff also maintains that his cell was searched during a shakedown in retaliation. Id. at 4. Next, Plaintiff provides the affidavit of ex-corrections officer Tommy Cardell, who describes guard-inmate beatings, cover-ups, retaliatory beatings, and efforts to deter prisoners from filing grievances. Pl.'s Ex. E. According to Plaintiff, he should be afforded an extension of time to conduct discovery in order to depose Mr. Cardell and to uncover additional evidence of beatings at Rogers. See

---

[2]The MJ explicitly rejected any argument that Plaintiff's grievances regarding unrelated incidents could be deemed to satisfy the exhaustion requirement as to the claims in Plaintiff's complaint. See doc. no. 33, p. 9 n.3 (citing Miller v. Tanner, 196 F.3d 1190, 1192 n.3 (11th Cir. 1999)).

2

doc. no. 35.

Also of note, Plaintiff has proffered a "supplemental" affidavit, in which he maintains that he was transferred to Coffee Correctional Facility on May 24, 2005, rather than Defendants' alleged earlier date of November 2004. See doc. no. 39. In this "supplemental" affidavit, Plaintiff also states that he did not pursue administrative remedies because prison officials "did nothing" to help him when he filed grievances regarding other incidents of abuse. Id. at 4. Interestingly, Plaintiff now also offers the conclusory argument that he should be deemed to have satisfied §1997e(a) because the alleged beatings were investigated by "Internal Affairs." Doc. no. 35, pp. 5-6. Finally, Plaintiff also argues that the MJ's credibility determination amounted to improper factfinding in contravention of Fed. R. Civ. P. 56. Id. at 16.

Of note, the undersigned recently rejected Plaintiff's arguments in a strikingly similar case. See Priester v. Rich, CV 605-071, doc. no. 41 (S.D. Ga. Apr. 4, 2006), *appeal docketed*, No. 06-12290 (11th Cir. Apr. 21, 2006). In so doing, the Court explained:

> Congress enacted § 1997e(a) of the [PLRA] to *curtail* inmate litigation, not create an entire new layer of jury trials in the very overburdened court system that PLRA was meant to relieve. To hold that Priester is entitled to a jury trial on this preliminary issue [whether administrative remedies were "available"] would open the floodgates to even more litigation. Were this Court to hold otherwise, how many *convicted criminals*--in a legal world where civil-case originating perjury prosecutions are at best a rarity--would *not* then claim that their guards refused to avail them grievance forms or otherwise did something to excuse the exhaustion requirement? How many inmates like Priester, after pointing to the ensuing swearing match, would *not* then demand a jury trial on this *preliminary* issue, and thereby create a *second* litigation layer on top of the "merits" layer?
> . . . . [T]he Court concludes that . . . . exhaustion constitutes a preliminary issue for which no jury trial right exists, and therefore judges can and should make credibility determinations on exhaustion-excusal issues.

3

Id. at 6-7. Accordingly, the Court also rejects Plaintiff's argument in the instant case that he is entitled to jury determination of the facts regarding whether administrative remedies were "available" to him.

> At any rate,
>
> [w]hile it is undoubtedly the duty of district courts not to weigh the credibility of the parties at the summary judgment stage, in the rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine whether "the jury could reasonably find for the plaintiff," Anderson [v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)], and thus whether there are any "genuine" issues of material fact, without making some assessment of the plaintiff's account.

Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005). Similarly, the Supreme Court has explained that "discredited testimony" cannot be relied upon to resist summary judgment. See Anderson, 477 U.S. at 256-57. Thus, in the instant case, where Plaintiff relies heavily upon his own self-serving allegations, the Court properly considers whether a "reasonable juror would undertake the suspension of disbelief necessary to credit the allegations." Jeffreys, 426 F.3d at 555. Here, the Court agrees with the MJ's credibility findings and **ADOPTS** them as its own.

More importantly, the Court agrees with the MJ's conclusion that once a change in an inmate's conditions of confinement--*i.e*, transfer to another prison--removes the prospect of retaliation for pursuing administrative remedies and renders the grievance process "available," an inmate's failure to exhaust can no longer be justified. Indeed, Priester stands for this very proposition. CV 605-071, doc. no. 35, pp. 8-9, *adopted by* doc. no. 41. Plaintiff states that he was transferred to Coffee Correctional Facility on May 24, 2005. He did not

file the instant complaint until July 27, 2005. He has not even alleged, much less offered any evidence, that administrative remedies were not available at his new prison. Once administrative remedies became available, Plaintiff was obliged to exhaust them before filing suit. See Hilton v. Secretary for Dep't of Corr., No. 01-14148, 2005 WL 3802979, at *5 (11th Cir. Nov. 1, 2005).

In Hilton, a state prisoner alleged that he could not exhaust administrative remedies because he was denied grievance forms while in "administrative confinement." Id. The Eleventh Circuit explained that "Hilton's contention . . . [did] not entitle him to relief because he fail[ed] to allege that he was unable to obtain these forms once he was released from confinement." Id. Thus, albeit in an unpublished opinion, the Eleventh Circuit has endorsed this Court's view that once the impediment to exhaustion is removed, an inmate's failure to utilize administrative remedies can no longer be justified. In sum, even assuming *arguendo* (which the Court does not) that Plaintiff was prevented from pursuing administrative remedies at Rogers, Plaintiff's failure to pursue an out-of-time grievance following his transfer to a different prison requires the Court to dismiss the instant suit under § 1997e(a).

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's motion for extension of time for discovery (doc. no. 35) is **DENIED**, Defendants' motions for summary judgment (doc. nos. 3, 4, & 8) are **GRANTED**, Defendants' motion to stay (doc. no. 27) is **DENIED** as **MOOT**, and Plaintiff's case is **DISMISSED** without prejudice for failure to exhaust administrative remedies. An appropriate **FINAL JUDGMENT** is entered in favor of Defendants, and this

5

civil action is **CLOSED**.

SO ORDERED this 1st day of June, 2006.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA